**Motion Denied as Moot, Appeal Dismissed, and Memorandum Opinion filed October 23, 2018.**



In The

# Fourteenth Court of Appeals

### NO. 14-18-00776-CV

## DARRELL J. HARPER, Appellant

## V.

## HARRIS COUNTY TAX ASSESSOR COLLECTOR, ANN HARRIS BENNETT, AND HARRIS COUNTY APPRAISAL DISTRICT, CHIEF APPRAISAL, ROLAND ALTINGER, Appellees

### On Appeal from the 165th District Court
### Harris County, Texas
### Trial Court Cause No. 2017-77474

## M E M O R A N D U M   O P I N I O N

Appellant has been declared a vexatious litigant and is prohibited from filing new litigation in a Texas state court without permission from the local administrative judge.[1] *See* Tex. Civ. Prac. & Rem. Code Ann. § 11.102. He filed the underlying suit

---

[1] The vexatious-litigant order was signed on January 20, 2014, by the 201st District Court of Travis County in cause number D-1-GN-14-004334. The order was subsumed by the final

without obtaining permission from the local administrative judge. Appellee Ann Harris Bennett, in her official capacity as Harris County Tax Assessor-Collector, filed a notice of mistakenly-filed vexatious litigation and motion to stay and dismiss. Appellant responded by seeking permission from the administrative judge to proceed with his civil suit. Describing appellant's response as "rambling laundry lists of complaints that are virtually indecipherable," the administrative judge denied appellant's request on August 13, 2018. The order of denial states appellant "may appeal this decision by writ of mandamus to an appellate court."

Appellant now attempts to appeal the administrative judge's order. An order denying a vexatious litigant permission to file suit "is not grounds for appeal, except that the litigant may apply for a writ of mandamus with the court of appeals not later than the 30th day after the date of the decision." *Id.* § 11.102(f).

On October 10, 2018, this court notified the parties of its intention to dismiss the appeal for lack of jurisdiction unless a response was filed showing meritorious grounds for continuing the appeal. Tex. R. App. P. 42.3(a). Appellant's responses do not demonstrate that we have jurisdiction to hear his appeal.

The appeal is **DISMISSED** for lack of jurisdiction. Appellant's motion, filed September 14, 2018, regarding the clerk's record is **DENIED AS MOOT**.


PER CURIAM


Panel consists of Justices Christopher, Jamison, and Brown.

---

judgment, signed on May 29, 2015. The Austin Court of Appeals affirmed the judgment, expressly concluding it had no basis to reverse the vexatious-litigant declaration. *Harper v. State*, No. 03-15-00405-CV, 2016 WL 4628067 (Tex. App.—Austin Aug. 30, 2016, pet. denied) (mem. op.).